WALLACE, Circuit Judge,
concurring:
The dissent reads like a law review outline of relevant law but it makes an assumption I cannot accept. I therefore concur in Judge Noonan’s opinion.
*481 In 1972, Congress made findings showing widespread discrimination among state employees. The proposed legislation, however, was amended to exclude certain high level employees. What can we know based on this fact?
What we know is that there was a record of discrimination in state employment generally but that Congress voted not to extend the statute’s coverage to certain high level state employees.
What the dissent assumes is that this was done for purely political reasons based on only a few representatives’ concerns about state rights. It is true that two senators asserted this argument in support of the amendment. But that does not tell us the intent of hundreds of other lawmakers at the time of their votes.
This is the problem with basing assumptions on legislative history. As Justice Scalia has persuasively written:
“[T]he use of legislative history .... is much more likely to produce a false or contrived legislative intent than a genuine one. The first and most obvious reason for this is that, with respect to 99.99 percent of the issues of construction reaching the courts, there is no legislative intent, so that any clues provided by the legislative history are bound to be false. Those issues almost invariably involve points of relative detail, compared with the major sweep of the statute in question. That a majority of both houses of Congress (never mind the President, if he signed rather than vetoed the bill) entertained any view with regard to such issues is utterly beyond belief. For a virtual certainty, the majority was blissfully unaware of the existence of the issue, much less had any preference as to how it should be resolved.”
Antonin Scalia, A Matter of Interpretation: Federal Courts and the Law 31-32 (Amy Gutmann ed., Princeton University Press 1997)(emphasis in original).
The upshot is that we have an amended statute that excluded a certain segment of state employees from its coverage. There is no reliable history other than the face of the statute. Assumptions and speculation aside, there is no acceptable way of knowing the reason each member of Congress voted. We know only that Congress chose to exclude a specific group despite general findings.
One may well and should applaud the Fourteenth Amendment as a way to attack state discrimination. But it must do so within constitutional limits. While the Fourteenth Amendment was an important constitutional amendment, it does not override the basic constitutional doctrine. The founders were cynical about governmental powers. The Constitution was not a rights-granting document (other than the right to patent) but was to limit government — that is, to protect the people from government. The Fourteenth Amendment does much, but it does not trump these fundamental safeguards.
Thus, Congress is not free to set aside “Our Federalism” beyond what adopted amendments permit. Here, Congress failed to do what the Constitution requires. Parties supporting GERA must show that there was a proper record justifying congressional action. Arguing by pointing to isolated statements in the legislative history that the 1972 exclusion was based on political concerns-and thereby implying that, those political concerns aside, Congress could have included high level state employees-will not do. In 1990, Congress could have made a record justifying the new expansion of the 1972 Act. This it failed to do. There are limitations even on Congress.
*482 We do not know why Congress excluded high level state employees in 1972, and the 1990 Congress cannot simply shortcut its action by reference to the 1972 Act. It needed to take the time for hearings to develop an appropriate record. It is not that Congress cannot pass a statute such as GERA; it is that it must do so in a prescribed manner. Its failure to do so here requires the conclusion that the constitutional protections on state sovereign immunity have not been met. For this reason, I join the result advanced by Judge Noonan.